CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
FEB 14 2013
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| ANTOINE JERMAINE THORNTON, | ) | Civil Action No. 7:12-cv-00443 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DIRECTOR OF VIRGINIA | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Antoine Jermaine Thornton, a Virginia inmate proceeding pro se, filed an amended petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner argues that his guilty plea to a robbery charge in 1990 was not knowing and voluntary because he did not understand the impact good conduct time would have on his sentence. Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I dismiss the amended petition as time barred.

## I.

The Circuit Court of the City of Danville sentenced petitioner on May 2, 1990, to life imprisonment plus fifty-seven years after petitioner pleaded guilty to robbery, malicious wounding, and using a firearm in the commission of a felony. Petitioner did not file an appeal to the Court of Appeals of Virginia.

On February 13, 1991, the Virginia Department of Corrections ("VDOC") generated a Legal Update Sheet that notified petitioner of how the VDOC calculated petitioner's prior-jail credit, mandatory parole, discretionary parole, good time release, good conduct allowance, and life sentence. The VDOC issued a subsequent Legal Update Sheet on February 26, 1991, informing petitioner of the same information as the prior Legal Update Sheet except that he would initially earn ten days' good conduct time every thirty days.

On July 30, 2010, petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, arguing claims not related to the instant federal petition. The Supreme Court of Virginia dismissed the petition on September 23, 2010.

On March 21, 2012, petitioner filed a second petition for a writ of habeas corpus with the Supreme Court of Virginia, arguing claims similar to the instant petition about the validity of his guilty plea to the robbery charge. The Supreme Court of Virginia dismissed the second petition as successive and untimely, pursuant to Virginia Code § 8.01-654(B)(2) and § 8.01-654(A)(2), respectively.

Petitioner filed his federal petition on August 9, 2012. See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule). Petitioner argues that he did not understand the nature of his guilty plea for the robbery charge in light of a litany of alleged constitutional violations involving numerous Virginia statutes and Virginia Department of Corrections' policies about mandatory parole, discretionary parole, good time release, and good conduct allowance for an inmate serving a life sentence.

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] Petitioner argues that the petition is timely filed because he did not have

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

the intelligence to know the grounds of his claims in 1990 because he was eighteen years old. Instead, petitioner argues that he discovered "proof" and wrote the Director of the VDOC and the VDOC's Court and Legal Services Correspondence Section in November 2011. See 28 U.S.C. § 2244(d)(1)(D) (permitting the statute of limitations to run from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence).

I find petitioner's argument unpersuasive. Petitioner frequently cites the February 13, 1991, Legal Update Sheet as containing the factual predicates to support his claims. Petitioner's reliance on that Legal Update Sheet is not surprising because it was how the VDOC first notified him of how it intended to treat his mandatory parole, discretionary parole, good time release, good conduct allowance, and life sentence. Indeed, petitioner states, "[Petitioner] always questioned the sentence because [h]e felt something was gravely wrong with it[]s function[,]" and he specifically acknowledges that the VDOC told him he would serve a 600 year sentence (as a result of life imprisonment) via the February 13, 1991, Legal Update Sheet. When information contained in a VDOC Legal Update Sheet forms the factual basis of an inmate's claim, the limitations period begins from the date the VDOC generates and forwards that update to the inmate's location because the inmate could have discovered the claim by exercising due diligence on that date.[2] See, e.g., Wade v. Robinson, 327 F. 3d 328, 333 (4th Cir. 2003). Accordingly, I find that the facts underlying petitioner's claims could have been discovered with

---

[2] Petitioner even acknowledges that "the claims he has brought before the [c]ourt did exist at his actual sentencing. . . ." (Pet'r's Resp. 2.)

3

due diligence more than one year before he filed his first state habeas petition, and the instant petition is untimely filed.[3]

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010).

Petitioner argues that he was too young and unintelligent in February 1991 to know how to challenge the VDOC's sentencing calculations and that he became smarter by earning a G.E.D. in 2003 and by learning how to use a prison law library. Petitioner's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, I do not find any extraordinary circumstances in this record that prevented petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period).

---

[3] Petitioner's § 2254 petition is also untimely under § 2244(d)(1)(A). Petitioner's conviction became final in June 1990, when the time expired for petitioner to note an appeal from the Circuit Court of the City of Danville to the Court of Appeals of Virginia. See Va. Sup. Ct. R. 5A:6(a) (1990) (stating an appeal from the trial court to the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). See also United States v. Clay, 537 U.S. 522, 524 (2003) (holding A conviction becomes final once the availability of direct review is exhausted). Petitioner filed his first state habeas petition in July 2010, more than ten years after his conviction became final. Moreover, the federal statute of limitations had already expired by the time petitioner filed his state habeas petition, and thus, statutory tolling is not permitted. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (recognizing that state habeas petitions cannot revive a period of limitation that had already expired).

4

Accordingly, petitioner filed his federal habeas petition beyond the statute of limitations, petitioner is not entitled to equitable tolling, and the amended petition must be dismissed.

### III.

For the foregoing reasons, I grant respondent's motion to dismiss and dismiss the amended petition as time barred. Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

ENTER: This 14th day of February, 2013.

*[signature]*
Senior United States District Judge